IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| STEPHEN PAUL RILEY, | § | |
| | § | |
| Movant, | § | |
| | § | |
| V. | § | NO. 7:19-CV-021-O |
| | § | (NO. 7:12-CR-007-O) |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

## OPINION AND ORDER

Came on for consideration the motion of Stephen Paul Riley, movant, under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. The Court, having considered the motion, movant's response to the order to show cause, the record, including the record in the underlying criminal case, No. 7:12-CR-007-O, and applicable authorities, finds that the motion must be dismissed.

## I.  TIMELINESS OF THE MOTION

A one-year period of limitation applies to motions under § 2255. The limitation period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by government action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Typically, the time begins to run on the date the judgment of conviction becomes final. *United States v. Thomas*, 203 F.3d 350, 351 (5th Cir. 2000). A criminal judgment

becomes final when the time for seeking direct appeal expires or when the direct appeals have been exhausted. *Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987).

In this case, the Court entered an amended judgment on June 4, 2013. CR Doc.[1] 43. The deadline for the filing of a notice of appeal was June 18, 2013. FED. R. APP. P. 4(b). Movant failed to timely file a notice of appeal and the Court denied his request to file a notice of appeal out of time. CR Doc. 46. That ruling was affirmed on appeal. CR Doc. 49. Accordingly, movant's judgment became final on June 18, 2013, when the time for filing a notice of appeal expired. *Griffith*, 479 U.S. at 321 n.6.

On February 25, 2019, the clerk received for filing movant's undated motion under § 2255, which was assigned the above-referenced case number. Doc.[2] 1. By order signed February 26, 2019, the Court ordered movant to show cause why his motion should not be dismissed as untimely pursuant to 28 U.S.C. § 2255(f). Doc. 3. In response, movant made no attempt to show that any provision other than § 2255(f)(1) would apply. That is, he did not offer any reason for the late filing of the motion; nor did he seek equitable tolling.[3] Doc. 4.

The only conclusion that can be reached is that movant's motion is untimely, having been filed almost five years after the deadline. The Court, having given movant an opportunity to show cause why his motion should not be dismissed, *see Day v.* McDonough, 547 U.S. 198, 209–10 (2006), finds that the motion must be dismissed as untimely.

---

[1] The "CR Doc. __" reference is to the number of the item on the docket in the underlying criminal case, No. 7:12-CR-007-O.

[2] The "Doc. __" reference is to the number of the item on the docket in this civil action.

[3] Movant simply argued that the government could waive the untimeliness of the filing and had done so by failing to object to the motion when it was filed. Doc. 4. Of course, the government had no obligation to respond before being served.

## II.  SECOND OR SUCCESSIVE MOTION

The Court notes that even if the motion had been timely, and it is not, the Court would lack jurisdiction over it. Movant previously filed a § 2255 motion, which was assigned Civil Action No. 7:14-CV-046-O. That action was dismissed with prejudice. Movant did not seek leave of the Fifth Circuit to file the present motion. *See* 28 U.S.C. §§ 2244(b)(3) & 2255. Accordingly, the Court lacks jurisdiction over it.

## III.  CONCLUSION

For the reasons discussed herein, movant's motion is **DISMISSED AS UNTIMELY**.

Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of appealability is **DENIED**.

**SO ORDERED** on this 14th day of April, 2021.

Reed O'Connor
**UNITED STATES DISTRICT JUDGE**

3